THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No.   1:23-cv-4468

NY BLACK AND GOLD CORPORATION,

     Plaintiff,

v.

ADAR MEDICAL UNIFORMS LLC, JP
PROMOTIONAL PRODUCTS, INC.,
FRANK BEE ENTERPRISES, INC. d/b/a
SCHOOLUNIFORMS.COM, RIZNO,
INCORPORATED d/b/a
PULSEUNIFORM.COM, CAREISMATIC
BRANDS, LLC d/b/a ALLHEART.COM,
PIRANHA BRANDS, LLC d/b/a
SCRUBAUTHORITY.COM, M'PRINTS
PROMOTIONAL PRODUCTS LLC,
ROWAN ENTERPRISES, LLC d/b/a
BRIGHTIDEASSTORE.COM, SASSONE
LABWEAR LLC d/b/a LABWEAR.COM,
CUNNINGHAM DRUG CO., and
TRANSFORM SR BRANDS LLC d/b/a
SEARS.COM and d/b/a KMART.COM,

     Defendants.

---

## **COMPLAINT**

     Plaintiff NY Black and Gold Corporation ("Plaintiff") sues defendants Adar Medical Uniforms LLC ("Adar"), JP Promotional Products, Inc. ("JP"), Frank Bee Enterprises, Inc. d/b/a SchoolUniforms.com ("School Uniforms"), Rizno, Incorporated d/b/a PulseUniform.com ("Pulse Uniform"), Careismatic Brands, LLC d/b/a AllHeart.com ("AllHeart"), Piranha Brands, LLC d/b/a ScrubAuthority.com ("Scrub Authority"), M'Prints Promotional Products LLC ("M'Prints"), Rowan Enterprises, LLC d/b/a BrightIdeasStore.com ("Bright Ideas"), Sassone Labwear LLC d/b/a Labwear.com ('LabWear"), Cunningham Drug Co. ("Cunningham"), and Transform SR Brands LLC d/b/a Sears.com and d/b/a Kmart.com ("Transform") (collectively the "Defendants"),

and alleges as follows:

## THE PARTIES

1.      Black and Gold is a corporation organized and existing under the laws of the State of California with its principal place of business located in Santa Monica, CA.

2.      Adar is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 24 Division Place, Brooklyn, NY 11222.

3.      JP is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 100 Executive Blvd, Suite 101, Ossining, NY 10562.

4.      School Uniforms is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 3439 East Tremont Ave, Bronx, NY 10465.

5.      Pulse Uniform is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 205 Bell Place, Suite D, Woodstock, GA 30188. Pulse Uniform's agent for service of process is Norman Rao, S, Woodstock, GA, 30188.

6.      AllHeart is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 1119 Colorado Ave, Santa Monica, CA 90401. AllHeart's agent for service of process is Paracorp Incorporated, 2804 Gateway Oaks Dr., Sacramento, CA 95833.

7.      Scrub Authority is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 10658 West Centennial Road, Suite 400, Littleton, CO 80127. Scrub Authority's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

DE 19801.

8.      M'Prints is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business located at 3200 Highway 39 North, Meridian, MS 39301. M'Prints' agent for service of process is Tim Hogan, 3200 Highway 45 N, Meridian, MS 39301.

9.      Bright Ideas is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 7400 Montgomery Blvd NE, Suite 3, Albuquerque, NM 87109. Bright Ideas' agent for service of process is Frank Rowan, 8816 Democracy Rd NE, Albuquerque, NM 87109.

10.     LabWear is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located at 3 Argentine Way, Norwalk, CT 06850. LabWear's agent for service of process is Lawrence W. Andrea, Esq., 127 Kent Hollow Rd, Kent, CT 06757.

11.     Cunningham is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 201 N Broad St., New Tazewell, TN 37825. Cunningham's agent for service of process is Frankie Tolliver, 201 N. Broad St., New Tazewell, TN 37825.

12.     Transform is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 5407 Trillium Boulevard, Suite B120, Hoffman Estates, IL 60192. Transform's agent for service of process is Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

1331 and 1338(a).

14.     This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with New York such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

15.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

**I.     Plaintiff's Business and History**

16.     Plaintiff is a premier creative social media company (see https://blackandgoldagency.com/). It creates stunning custom photography for the social feeds of brands and influencers.

17.     Plaintiff provides social media management and email marketing services to companies across North America in the fashion, beauty, wellness, fitness, consumer goods, technology, and non-profit sectors.

18.     Plaintiff has worked with some of the most respected names and brands in the industry, including but not limited to, Marc Jacobs, Eli Tahari, Alex & Ani, Guess, Makeup Geek, Rejuva Minerals, Tangle Teezer, Julie Vos, Hill House, Lynnban, Planted in Beauty, and Moroccanoil.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## II.     The Work at Issue in this Lawsuit

### A.     The First Photograph

19.     In 2015, Plaintiff took a professional photograph of a model wearing an Adar Tailored Consultation Coat titled "1192_Adar_1657" (the "<u>First Photograph</u>").  A copy of the First Photograph is exhibited below:



### B.     The Second Photograph

20.     In 2015, Plaintiff took a professional photograph of a model wearing an Adar Lapel Collar Buttoned Top titled "1192_Adar_1084" (the "<u>Second Photograph</u>").  A copy of the Second Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



**C.     The Third Photograph**

21.     In 2015, Plaintiff took a professional photograph of a model wearing an Adar Belted Lab Coat titled "1192_Adar_1418" (the "Third Photograph").  A copy of the Third Photograph is exhibited below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**D.     The Fourth Photograph**

22.     In 2015, Plaintiff took a professional photograph of a model wearing an Adar Pop-Stretch Snap Front Lab Coat titled "1192_Adar_2126" (the "Fourth Photograph").  A copy of the Fourth Photograph is exhibited below:



23.     The First Photograph, Second Photograph, Third Photograph, and Fourth Photograph are collectively referred to herein as the "Work."

24.     The Work was registered by Plaintiff with the Register of Copyrights on April 29, 2020 and was assigned Registration No. VA 2-205-529. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

25.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III.     Defendants' Unlawful Activities**

26.     Adar has been designing, manufacturing, and distributing medical work uniforms

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

since 1971.

27.    In May 2015, Plaintiff and Adar entered into a licensing agreement (the "Agreement") (attached hereto as **Exhibit "B"**) for several original photographs, including the Work. These photographs were taken by Plaintiff for Adar to market its line of medical lab coats and other hospital uniforms.

28.    The Agreement specifically provides (in the "USAGE LICENSE" section): "This license grants the Client ("Licensee") a non-transferable, exclusive license to use the above-mentioned images.  You may not sell, rent, lease, or sublicense the photos to any other companies or entities not mentioned in this license agreement."

29.    Upon information and belief, Adar distributed the Work to third party retailers, including but not limited to JP, School Uniforms, Pulse Uniform, AllHeart, Scrub Authority, M'Prints, Bright Ideas, LabWear, Cunningham, and Transform (the "Sellers"), in connection with the sale of its products. This distribution to the Sellers is in violation of the above-referenced terms of the Agreement.

30.    Adar advertises/markets its businesses primarily through its website (https://adaruniforms.com/) and social media (e.g., https://www.facebook.com/adarmeduniforms).

31.    JP is an authorized distributor and seller of many leading brands including, but not limited to, Adar's medical uniforms.

32.    JP advertises/markets its business primarily through its website (https://www.jppromoproducts.com/) and social media (e.g., https://www.facebook.com/JPPromoProductsInc and https://www.instagram.com/jpprom401/).

33.    School Uniforms specializes in the distribution and custom manufacturing of

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

uniforms and other supplies, selling them on its site.

34.     School Uniforms advertises/markets its business primarily through its website (https://schooluniforms.com/) and social media (e.g., https://www.facebook.com/FrankBeesales/ and https://www.instagram.com/schooluniformscom/).

35.     Pulse Uniform has been an online provider of several medical uniform brands since its establishment in 2003.

36.     Pulse Uniform advertises/markets its business primarily through its website (https://www.pulseuniform.com/)              and              social              media              (e.g., https://www.facebook.com/PUmedicalscrubs/ and https://www.instagram.com/pulseuniform/).

37.     AllHeart is an online retailer providing medical apparel from its portfolio of brands to healthcare professionals and students.

38.     AllHeart advertises/markets its business primarily through its website (https://www.allheart.com/) and social media (e.g., https://www.facebook.com/allheart/ and https://www.instagram.com/pulseuniform/).

39.     Scrub Authority is an online store allowing its customers to choose from its large selection of medical scrubs and nursing uniforms.

40.     Scrub Authority advertises/markets its business primarily through its website (https://scrubauthority.com/)              and              social              media              (e.g., https://www.facebook.com/scrubauthorityco/ and   https://www.linkedin.com/company/scrub-authority/).

41.     M'Prints specializes in providing screen print, embroidery, and promotional products and services to businesses and organizations.

42.     M'Prints advertises/markets its business primarily through its website

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(https://www.mprintspromo.com/) and social media (e.g., https://www.facebook.com/mprintsmeridian/ and https://www.instagram.com/mprintspromo/).

43.     Bright Ideas provides advertising services to businesses such as embroidery and screen-printing logos for branded promotional products.

44.     Bright Ideas advertises/markets its business primarily through its website (https://www.brightideasstore.com/) and social media (e.g., https://www.facebook.com/BrightIdeasAlbuquerque and https://www.instagram.com/bright_ideas_abq/).

45.     LabWear sells medical attire and clothing from a wide range of designers and suppliers through its online store.

46.     LabWear advertises/markets its business primarily through its website (https://labwear.com/) and social media (e.g., https://www.facebook.com/Labwear1/).

47.     Cunningham is an all-in-one pharmacy offering a wide range of services including the sale of scrubs and medical uniforms.

48.     Cunningham advertises/markets its business primarily through its website (http://cunninghamdrugs.com/).

49.     Transform was established in 2019 to acquire certain retail big-box stores and department stores. Its subsidiaries include Sears, a leading integrated retailer providing a wide range of home merchandise, and Kmart, a leading integrated retailer offering quality products through a portfolio of exclusive brands.

50.     Transform advertises/markets its business primarily through its websites (https://transformco.com/, https://www.sears.com/, and https://www.kmart.com/) and social media (e.g., https://www.facebook.com/sears and https://www.facebook.com/kmart).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

51.     On a date before Plaintiff's above-referenced copyright registration of the First

Photograph, JP published the First Photograph on its website in connection with the sale of an

'Adar   Universal   Women's   Tailored   Consultation   Coat'   for   $21.74   (at

https://jppromoproducts.com/scrub-jackets.htm):



52.     On a date before Plaintiff's above-referenced copyright registration of the First

Photograph, School Uniforms published the First Photograph on its website in connection with

the sale of an 'Adar Universal Womens 28" Tailored Consultation Coat' for $21.99 (at

https://schooluniforms.com/collections/adar):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(at https://schooluniforms.com/collections/adar/products/adar-universal-womens-28-tailored-consultation-coat#387553067041-1):



53.     On a date before Plaintiff's above-referenced copyright registration of the First Photograph, Pulse Uniform published the First Photograph on its website in connection with the sale of an 'Adar Universal Womens 28" Tailored Consultation Coat' for $26.99 (at https://www.pulseuniform.com/search.asp?q=adar#):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(at https://www.pulseuniform.com/styleshop.asp?styledefault=AD-2814):



54.     On a date before Plaintiff's above-referenced copyright registration of the Third Photograph, Pulse Uniform published the Third Photograph on its website in connection with the sale of an 'ADAR Women's 33 Inches Adjustable Belt Lab Coat' for $22.99 (at https://www.pulseuniform.com/styleshop.asp?styledefault=AD-2817):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

55.     On a date before Plaintiff's above-referenced copyright registration of the Fifth Photograph, Pulse Uniform published the Fifth Photograph on its website in connection with the sale of an 'ADAR Pop-Stretch Men's 31 Inches Snap Front Lab Coat' for $35.99 (at https://www.pulseuniform.com/search.asp?q=adar%23#):



(at https://www.pulseuniform.com/styleshop.asp?styledefault=AD-3302):



56.     On a date before Plaintiff's above-referenced copyright registration of the First Photograph, AllHeart published the First Photograph on its website in connection with the sale

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of a 'Women's 28" Consultation Coat' for $21.14 (at https://allheart.com/universal-lab-coats-by-adar-women-apos-s-womens-28—consultation-coat/p/adr2814):



57.    On a date before Plaintiff's above-referenced copyright registration of the Third Photograph, AllHeart published the Third Photograph on its website in connection with the sale of a 'Women's 33" Belted Lab Coat' for $22.06 (at https://allheart.com/universal-lab-coats-by-adar-womenaposs-33-inch-belted-lab-coat/p/adr2817/):



15

58.   On a date before Plaintiff's above-referenced copyright registration of the First Photograph, Scrub Authority published the First Photograph on its website in connection with the sale of an 'Adar Universal Women's Tailored Consultation Coat' for $24.15 (at https://scrubauthority.com/collections/all-products?gf_81672=Adar&limit=48&page=2):



(at https://scrubauthority.com/products/adar-universal-women-s-tailored-lab-coat-white?variant=43967088459990):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

59. On a date before Plaintiff's above-referenced copyright registration of the Second Photograph, Scrub Authority published the Second Photograph on its website in connection with the sale of an 'Adar Universal Lapel Collar Buttoned Top' for $18.64 (at https://scrubauthority.com/collections/all-products?gf_81672=Adar&limit=48):



(at                                                   https://scrubauthority.com/collections/all-products?gf_81672=Adar&sort_by=relevance&limit=48&q=button+top):



(at                             https://scrubauthority.com/products/adar-universal-women-s-lapel-collar-top-white?variant=43967087804630 ):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



60. On a date before Plaintiff's above-referenced copyright registration of the First Photograph, M'Prints published the First Photograph on its website in connection with the sale of an 'Adar Universal Women's Tailored Consultation Coat' for $24.15 (at https://mprintspromo.com/:quicksearch.htm?quicksearchbox=adar):



(at https://mprintspromo.com/p/QGVGH-MJSBF/adar-universal-womens-tailored-consultation-coat):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



61.     On a date before Plaintiff's above-referenced copyright registration of the Second Photograph, M'Prints published the Second Photograph on its website in connection with the sale of an 'Adar Universal Lapel Collar Buttoned Top' for $18.64 (at https://mprintspromo.com/:quicksearch.htm?quicksearchbox=adar):



(at     https://www.mprintspromo.com/p/KHAOF-MTIRH/adar-universal-lapel-collar-buttoned-top):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



62.    On a date before Plaintiff's above-referenced copyright registration of the First Photograph, Bright Ideas published the First Photograph on its website in connection with the sale of an 'Adar Universal Women's Tailored Consultation Coat" (at https://brightideasstore.com/:quicksearch.htm?quicksearchbox=adar):



(at https://brightideasstore.com/p/HLXSF-MJSBF/adar-universal-womens-tailored-consultation-coat):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

63.    On a date before Plaintiff's above-referenced copyright registration of the Second Photograph, Bright Ideas published the Second Photograph on its website in connection with the sale of an 'Adar Universal Women's Tailored Consultation Coat" (at https://brightideasstore.com/:quicksearch.htm?quicksearchbox=adar):



(at https://brightideasstore.com/p/BMCAD-MTIRH/adar-universal-lapel-collar-buttoned-top):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

64.     On a date before Plaintiff's above-referenced copyright registration of the Second Photograph, LabWear, published the Second Photograph on its website in connection with the sale of an 'Women's 28" Tailored Consultation Coat by Adar 2814' for $27.99 and 'St. James 28"    Lab    Coat    –    For    St.    James    Affiliates    ONLY'    for    $37.79    (at https://labwear.com/search?page=5&q=adar):



(at                                    https://labwear.com/products/adar-womens-28-tailored-consultation-coat?_pos=42&_sid=18cc551cb&_ss=r):



(at                                    https://labwear.com/products/st-james-ladies-lab-coat-2814?_pos=48&_sid=18cc551cb&_ss=r):



65.    On a date before Plaintiff's above-referenced copyright registration of the Second Photograph, Cunningham published the Second Photograph on its website for its "Products and Services" page (at http://cunninghamdrugs.com/services/):



66.    On a date before Plaintiff's above-referenced copyright registration of the Second

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Photograph, Transform published the Second Photograph on its websites in connection with the

sale of an 'ADAR Medical Uniforms Universal Women's Lapel Collar Buttoned Top 2629' (at

https://sears.com/adar-medical-uniforms-universal-women-s-lapel-collar-buttoned/p-
00000000000001014576600000000000ADAD2629P):



(at          https://kmart.com/adar-medical-uniforms-universal-women-s-lapel-collar-buttoned/p-

00000000000001014576600000000000ADAD2629P):



67.   True and correct copies of the screenshots from Defendants' websites, webpages,

and/or social media, displaying the copyrighted Work, are attached hereto as **Exhibit "C."**

68.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their respective websites, webpages, and/or social media or for any other purpose.

69.    Defendants utilized the Work for commercial use – namely, in connection with the marketing of Defendants' businesses.

70.    Upon information and belief, Adar reproduced and distributed copies of the Work to the Sellers for their own commercial use.

71.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on June 18, 2020. Following Plaintiff's discovery, Plaintiff notified Adar in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

72.    All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**
**(Sellers)**

73.    Plaintiff re-alleges and incorporates paragraphs 1 through 72 as set forth above.

74.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

75.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

76.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, the Sellers had access to the Work prior to their own reproduction, distribution, and public display of the Work on their websites, webpages, and/or social media.

77.     The Sellers reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

78.     By their actions, the Sellers infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for their own commercial purposes.

79.     Alternatively, to the extent the Sellers did not directly infringe Plaintiff's rights in the Work, the Sellers are liable for vicarious infringement.

80.     As the owners of the websites in question and the entities which designed/published content thereon, the Sellers have the right and ability to control Adar's infringing acts yet declined or failed to stop Adar from engaging in its infringing activity.

81.     Plaintiff is entitled to recover its actual damages resulting from the Sellers' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of the Sellers' profits from infringement of the Work, which amounts shall be proven at trial.

82.     The Sellers' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against the Sellers as follows:

a.  A declaration that the Sellers have infringed Plaintiff's copyrights in the Work;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining the Sellers, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with the Sellers, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

e.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Adar)

83.  Plaintiff re-alleges and incorporates paragraphs 1 through 72 as set forth above.

84.  Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

85.  Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

86.  Adar had access to the Work prior to its own reproduction and distribution of the Work to the Sellers.

87.  Adar reproduced and distributed the Work without authorization from Plaintiff.

88.  By its actions, Adar infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing and distributing the Work for its own commercial purposes.

89.  Alternatively, to the extent Adar did not directly infringe Plaintiff's rights in the

Work, Adar is liable for contributory infringement.

90.     "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc., 373 F.3d at 549–550. "A defendant can also be found contributorily liable for copyright infringement." Jalbert, 554 F. Supp. 2d at 68.

91.     "Specifically, a party 'who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a "contributory" infringer.'" Id. (quoting Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). "The Supreme Court has stated that contributory liability 'may be predicated on actively encouraging (or inducing) infringement through specific acts . . . .'" Id. (quoting Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd., 545 U.S. 913, 942 (2005)). "Although the defendant must have knowledge of the infringing activity, 'the defendant need only have known of the direct infringer's activities, and need not have reached the legal conclusion that those activities infringed a copyrighted work.'" Id. (quoting Paul Goldstein, GOLDSTEIN ON COPYRIGHT, § 8.1 n. 1 (2005)). "Nor is it necessary that the defendant be aware that the infringing activity violates the copyright laws." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 489 (1984).

92.     As Adar guides and implements the marketing plans with the Sellers, Adar has the ability to influence and control the infringing acts of its clients.

93.     Thus, assuming Adar did not directly infringe, Adar caused or materially contributed to the Sellers's infringing activity.  Adar encouraged the Sellers to utilize copyrighted imagery on the Sellers' websites, all while knowing the material was copyright protected.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

94.     Adar obtained a direct financial benefit from its own and/or the Sellers' infringing activities.

95.     Plaintiff is entitled to recover its actual damages resulting from Adar's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Adar's profits from infringement of the Work, which amounts shall be proven at trial.

96.     Adar's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Adar as follows:

a.  A declaration that Adar has infringed Plaintiff's copyrights in the Work;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining Adar, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Adar, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

e.  For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated:  June 16, 2023

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
christine@copycatlegal.com

By: /s/ Daniel DeSouza
       Daniel DeSouza, Esq.
       Christine Zaffarano, Esq.